Case 1:15-cr-00252-PKC-RML   Document 127   Filed 12/16/15   Page 1 of 3 PageID #: 1234

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 15 2015 ★
BROOKLYN OFFICE

United States District Court — Eastern District of New York

UNITED STATES OF AMERICA
v.
JUAN ANGEL NAPOUT, Defendant.

**ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND**

Case Number: 15 CR 252 (S-1) (RJD)

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
[✓] Upon **Bond** executed by the defendant in the amount of $ 20,000,000 , and
secured by [✓] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [ ] See Attachment A  and travel to and from this Court and the permitted areas.
[✓] 2. The defendant must avoid all contact with the following persons or entities: See Attachment A
[ ] 3. The defendant must avoid and not go to any of the following locations: 
[✓] 4. The defendant must surrender all passports to ~~Pretrial Services~~ by 12/18/15 and not obtain other passports or international travel documents.
[✓] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
   [✓] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;  as directed by PTS
   [✓] b. must report [ ] as directed by Pretrial Services or [ ] in person ___ times per ___ and/or [ ] by telephone ___ times per ___.
   [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
   [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
   [✓] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
      [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
      [✓] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____  See Attachment A
      [ ] curfew: restricted to home every day from ___ to ___, or [ ] as directed by Pretrial Services.
   [✓] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
[✓] 6. Other Conditions: See Attachments A + B

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 20,000,000 and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

[✓] cash deposited in the Registry of the Court in the sum of $ 10,000,000 ;
[✓] premises located at: See Attachment B  owned by _____
[✓] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before See Attachment B .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.  *Date*

_____ , Surety   Address: Asuncion, Paraguay                          12/15/2015
_____ , Surety   Address: Asuncion, Paraguay                          12/15/2015
_____ , Surety   Address: _____

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Signature of Defendant

Release of the Defendant is hereby ordered on  12/15 , 20 15 .

_____ , USMJ

Distribution:   Canary - Court   Pink - Pretrial Services   Goldenrod - Defendant

*Juan Angel Napout*

## ATTACHMENT A

1. The defendant must remain in and may not leave the Eastern District of New York, the Southern District of New York and the Southern District of Florida. See additional conditions in paragraph 5, below.

2. The defendant will not directly or indirectly associate or have contact with his co-defendants or any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Torneos y Competencias S.A., Full Play S.A. and the Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity.

3. See paragraph 5, below.

4. The defendant shall surrender any and all passports to the FBI, including his Paraguayan and Italian passports.

5. The defendant is subject to electronic monitoring and home detention at a residence approved by the FBI and the Office of Pretrial Services ("PTS"). The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS, except that the defendant may leave his residence without prior approval for medical emergencies. The defendant may leave his residence for attorney visits, court dates, religious services, 90 minutes of daily exercise and shopping for food and other necessities with notice to the FBI and PTS. Both PTS and the FBI shall receive any electronic monitoring alerts. The cost of the electronic monitoring shall be borne solely by the defendant.

6. A private security service, approved by the U.S. Attorney's Office and the FBI, will monitor the defendant's physical location and provide security 24 hours per day, 7 days per week. The private security service shall accompany the defendant during all transit to and from his residence. The defendant may have private meetings with his counsel of record in this case with the security service in sufficiently close proximity to perform its duties. The defendant is subject to video surveillance, 24 hours a day, 7 days per week, at the doors of his residence and other points of entrance. The costs of the private security service and the video surveillance shall be borne solely by Defendant.

Juan Angel Napout

## ATTACHMENT B

The $20 million appearance bond shall be fully secured by:

1. Letter of credit issued by a reputable bank in the United States that is acceptable to the government in the sum of $7 million in favor of the United States of America, to be posted with the Court by Friday, December 18, 2015.

2. $10 million cash to be deposited with the Clerk of the Court by Wednesday, December 16, 2015.

3. Real Property securing the appearance bond: A mortgage in favor of the United States of America on the Residential Units (the "Units") known as ███████████████████████████████████████, with a combined estimated market value of approximately $3 million, to be posted with the Court by Friday, December 18, 2015.

The $20 million appearance bond shall be signed by the defendant and co-signed by the following people by Tuesday, December 15, 2015:

1. Ruth Karin Forster Napout (wife)

2. Veronica A. Napout Forster (daughter)